UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA GRACE HALL,

       Plaintiff,                          Case No. 2:16-cv-12937
                                          District Judge Denise Page Hood
v.                                          Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 14), GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 15) AND AFFIRM THE COMMISSIONER'S DECISION**

**I.    RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (DE 14), **GRANT** Defendant's motion for summary judgment (DE 15), and **AFFIRM** the Commissioner's decision.

**II.    REPORT**

      Plaintiff, Amanda Grace Hall, brings this action under 42 U.S.C. §§ 405(g), 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income (SSI) benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (DE 14), the

Commissioner's cross motion for summary judgment (DE 15), and the administrative record (DE 12).

### A.  Background

On April 22, 2013, Plaintiff filed an application for SSI benefits, alleging that she has been disabled since December 31, 2006.  (*See* R. at 179-84.)  Plaintiff alleges disability primarily based upon bipolar disorder.  Her application was denied on September 19, 2013.  She sought a *de novo* hearing before an Administrative Law Judge ("ALJ"), which was conducted on March 23, 2015. (*See* R. at 33-78, 93-96, 98-99.)

On April 15, 2015, ALJ Dennis M. Matulewicz determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (*See* R. at 11-28.) Plaintiff requested review of the hearing decision.  On June 7, 2016, the Appeals Council denied Plaintiff's request for review.  (*See* R. at 1-6.) Thus, the ALJ's decision became the Commissioner's final decision.  Plaintiff then timely commenced the instant action on August 11, 2016.  (DE 1.)  Her testimony and medical records will be discussed as necessary in the analysis which appears below, in lieu of summarizing them here.

### B.  The Administrative Decision[1]

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. §§ 404.1520(a)(4),

2

At **Step 1** of the ALJ's decision denying benefits, he determined that Plaintiff has not engaged in substantial gainful activity since April 22, 2013, the application date. (R. at 16.) At **Step 2**, the ALJ determined that Plaintiff has the following severe impairments: bipolar disorder, depressive disorder, personality disorder, and an alcohol/substance abuse disorder. (R. at 16-19.) At **Step 3**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. at 19-20.) Prior to **Step 4**, the ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform "light work … except that she should avoid using ladders, scaffolds, or ropes; should avoid concentrated exposure to hazards, including dangerous/unprotected machinery or work at unprotected heights; is limited to simple unskilled work with a specific vocational preparation (SVP) rating of one or two; can perform work that requires only occasional interpersonal interaction, contact, and discussion with co-workers; may engage in routine work that does not require changes or adaptations in work settings or duties more than once per month; is limited to work requiring less than occasional contact with the general public; and is limited to jobs without production quotas mandating a specific number of pieces per hour or with a down line co-worker depending on claimant productivity." (R. at 20-26.) At **Step 4**, the

---

416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

ALJ determined that Plaintiff has past relevant work as a fast food worker, an inspector, a cashier/checker, and a bartender, but that she is unable to perform any of her past work. (R. at 26.) At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 27.)

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide

4

questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."). Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or

deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**D. Analysis**

Plaintiff raises one issue on appeal: whether the ALJ properly considered the opinion and assessment of Michael McCarthy, Ed.D, the non-examining state agency psychological consultant who completed the Mental Residual Capacity form relied on by the ALJ. (DE 14 at 5-7.)

On September 16, 2013, Dr. McCarthy evaluated Plaintiff's mental impairments and concluded that she had mild restrictions in her activities of daily living, moderate restrictions in maintaining social functioning, concentration, persistence and pace, and no episodes of decompensation. (R. 85.) Dr. McCarthy then determined in the Mental Residual Functional Capacity Assessment that Plaintiff's mental condition might limit her ability to remember and understand detailed and complex instructions and maintain concentration sufficient to consistently carry out complex tasks and instructions. (R. 88-89.) The ALJ considered Dr. McCarthy's assessment, in accordance with Social Security Ruling 96-6p, and found that the opinion that Plaintiff had no more than mild limitations in activities of daily living and moderate limitations in social functioning and concentration, persistence and pace was entitled to great weight because it was consistent with the record. (R. 26.) Plaintiff argues that Dr. McCarthy is not

qualified to complete the Mental Residual Capacity Form because 20 C.F.R. § 404.1616 and the guidelines require that the form must be completed by a licensed or certified psychologist, and thus the ALJ's opinion is not supported by substantial evidence. (DE 14 at 6, citing 20 C.F.R. 404.[16]15 and [20] C.F.R. 404.1616(e)(1,2, and 3).)[2]

The Commissioner argues that the ALJ properly considered Dr. McCarthy's opinion. (DE 15 at 5-7.) In support, the Commissioner attaches a print-out from a State of Michigan government website, by which state professional licenses can be verified, demonstrating that Dr. McCarthy is a licensed, doctoral degree level psychologist. (DE 15-1); *see* https://w2.lara.state.mi.us/VAL/License/Search. Plaintiff does not explain in her motion *why* Dr. McCarthy is not qualified to complete the Mental Residual Capacity form or which provision of the controlling regulation has not been satisfied, but seems to argue solely that he is not properly "licensed or certified *as a psychologist*" (DE 14 at 6) (emphasis added), as required by 20 C.F.R. § 416.1016(d)(1). Under that subsection, a psychologist is considered to be qualified to be a psychological consultant if he or she "[i]s licensed or certified as a psychologist at the independent practice level of psychology by the

---

[2] The Court notes that the provisions Plaintiff cites in support of this argument, 20 C.F.R. ¶¶ 404.1615 and 404.1616, pertain to disability determinations and are inapplicable to Plaintiff's claim for SSI benefits. However, 20 C.F.R. §§ 416.1015 and 416.1016 contain identical provisions related to SSI claims. The Court will proceed as if Plaintiff had relied upon these provisions.

7

State in which he or she practices[.]" Defendants assert, and I agree, that Dr. McCarthy is a qualified psychological consultant because he is a psychologist licensed by the State of Michigan since May 1983. (*See* DE 15 at 6-7; DE 15-1.) This is a fact which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and of which a court "may take judicial notice at any stage in the proceeding." Fed. R. Evid. 201(b)(2) & (d); *see also In re Omnicare, Inc. Securities Litig.*, 769 F.3d 455, 465-66 (6th Cir. 2014) (Fed. R. Evid. 201 "applies to appellate courts taking judicial notice of facts supported by documents not included in the record on appeal."). Plaintiff has offered no evidence to the contrary, points to nowhere in the record where Dr. McCarthy's credentials were previously challenged or questioned, and has foregone the opportunity to file a reply brief. Moreover, the fact that Dr. McCarthy holds a doctorate in education (Ed.D.) does not preclude him from being a licensed psychologist. *See* Daniel W. Shuman, PSYCHIATRIC & PSYCHOLOGICAL EVIDENCE, § 4:10 (Nov. 2017 Update) ("Psychologists typically have one of the following degrees: Doctor of Philosophy (Ph.D.), Doctor of Psychology (Psy.D.) or Doctor of Education (Ed.D.)."). Indeed, Dr. McCarthy has offered his opinion as a state agency psychological consultant in numerous cases in this district and in the Western District of Michigan. *See, e.g., Fornczak v. Berryhill*, No. 16-11554, 2017 WL 3773236, at *3 (E.D. Mich. Aug. 7, 2017), *report and recommendation*

*adopted by*, 2017 WL 3727317 (E.D. Mich. Aug. 30, 2017); *Ming v. Comm'r of Soc. Sec.*, No. 14-CV-14643, 2015 WL 12670489, at *3 (E.D. Mich. Sept. 24, 2015), *report and recommendation adopted by*, 2015 WL 8135807 (E.D. Mich. Dec. 8, 2015); *Ralph v. Comm'r of Soc. Sec.*, No. 1:15-cv-90, 2016 WL 74422, at *5-6 (W.D. Mich. Jan. 6, 2016); *Vasquez v. Comm'r of Soc. Sec.*, No. 1:13-CV-719, 2014 WL 3573750, at *4 (W.D. Mich. July 18, 2014). Accordingly, the ALJ properly relied on the opinion of Dr. McCarthy and the ALJ's opinion is supported by substantial evidence.

### G. Conclusion

The ALJ having appropriately addressed the opinion of the state agency psychological consultant, Dr. Michael McCarthy, and Plaintiff having failed to show otherwise, the Court should affirm the ALJ's consideration of the opinion evidence as to Plaintiff's mental residual functional capacity.

I conclude that the ALJ's opinion is supported by substantial evidence and was made pursuant to proper legal standards. Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (DE 14), **GRANT** Defendant's motion for summary judgment (DE 15), and **AFFIRM** the Commissioner of Social Security's decision.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 10, 2018         s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on January 10, 2018, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti